IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 19-CR-10081-IT |
| | ) | |
| NIKI WILLIAMS, | ) | FILED UNDER SEAL |
| | ) | |
| Defendant | ) | |

GOVERNMENT'S MOTION TO AMEND INDICTMENT TO CORRECT ERROR AND FOR
THE ISSUANCE OF A NEW ARREST WARRANT

The United States Attorney hereby respectfully moves the Court to amend the attached indictment charging Lisa "Niki" Williams with conspiracy to commit racketeering under Title 18, United States Code, Section 1962(d), and to issue a new arrest warrant pursuant to that amendment.

The arrest warrant and indictment filed in this matter under 19-CR-10081-IT named the charged defendant as "Lisa 'Niki' Williams."  The Government has since learned through records obtained from the Department of Motor Vehicles that Williams' actual name is "Niki Williams."  All other identifying information remain the same.  Accordingly, the Government hereby moves to amend the indictment to reflect the defendant's true name of "Niki Williams," and for the issuance of a new arrest warrant reflecting that name.

It is well-settled that although it is impermissible to broaden an indictment without returning to the grand jury, see Stirone v. United States, 361 U.S. 212, 217 (1960), corrections to typographical errors or other ministerial changes – such as corrections to a defendant's name - are allowed by motion.  See United States v. Rivera–Ruiz, 244 F.3d 263 (1st Cir.2001) (court allowed government to amend indictment where the identities of two undercover agents were

transposed in the indictment); <u>United States v. Dowdell</u>, 464 F. Supp. 2d 64 (D. Mass. 2006)
(same): <u>see also</u> United States v. Rosenbaum, 628 Fed.Appx. 923 (6th Cir. 2015) (amendment to
correct names of credit card issuers in indictment was proper); <u>United States v. Dhinsa</u>, 243 F.3d
635, 667 (2d Cir.2001) ("[T] he district court or the prosecutor may make 'ministerial change[s]'
to the indictment, such as to correct a misnomer or typographical errors."); <u>United States v.
Robles–Vertiz</u>, 155 F.3d 725 (5th Cir.1998) (no constructive amendment where the indictment
misnamed a key party and the government was permitted to correct the error); <u>United States v.
Mason</u>, 869 F.2d 414 (8th Cir. 1989) (changing name on the indictment to correct incorrect
middle initial was proper); <u>United States v. Johnson</u>, 741 F.2d 1338, 1341 (11th Cir.1984)
(changing name of insured agency on the indictment was proper);  <u>United States v. Janoe</u>
(finding that "amendments that are merely a matter of form are freely permitted");, 720 F.2d
1156 (10th Cir. 1983) (amendment to insert correct federal agency name was proper); <u>United
States v. Kegler</u>, 724 F.2d 190 (D.C.Cir.1983) (amendment of indictment by substituting the
name "Andrea" for "Angela" as the payee of two forged checks was not improper); <u>United States
v. Cina</u>, 699 F.2d 853, 857 (7th Cir.1983)(an amendment or change to an indictment will be
"allowed to stand if it does not change an essential or material element of the charge so as to
cause prejudice to the defendant.").

Accordingly, the government seeks to amend the indictment to reflect the true name of
"Niki Williams" and for the issuance of a correct arrest warrant.

The United States Attorney further moves pursuant to General Order 06-05 that the

United States Attorney be provided copies of all sealed documents that the United States

Attorney has filed in the above-styled matter.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: *Eric S. Rosen*
Eric S. Rosen
Assistant U.S. Attorney

Date:  March 8, 2019