UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 19-10081-IT |
| ) | |
| NIKI WILLIAMS, ) | **REDACTED** |
| ) | |
| Defendant ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The government respectfully submits this sentencing memorandum in connection with the sentencing of defendant Niki Williams.

Williams, a standardized test administrator for ACT, Inc. and the College Board, accepted bribes from William "Rick" Singer and Martin Fox in exchange for allowing another co-conspirator, Mark Riddell, to cheat on ACT and SAT exams on behalf of the children of Singer's clients while purporting to act as an exam proctor. Over a span of approximately two and a half years, from 2015 to 2018, Williams facilitated cheating on four separate occasions – on one SAT and four ACT exams for five of Singer's clients. In total, Williams received approximately $20,000 in bribe payments, including approximately $15,000 in cash from Fox and a $5,000 check from Singer.

For her actions, Williams should be sentenced to a term of imprisonment of 6 months followed by one year of supervised release. In addition, Williams should be ordered to forfeit the $20,000 in criminal proceeds that she personally received.

I.      **Overview of the Offense Conduct**

Williams, who during the relevant time period was an employee of a public high school in Houston, Texas, served as a compensated standardized test administrator for ACT, Inc. and the College Board, administering the ACT and SAT exams to students at the school where she worked. On multiple occasions, instead of properly administering the exams, and in violation of the duties she owed to the testing agencies, Williams accepted bribes from Singer and Fox to facilitate cheating.

First, in December 2015, Williams administered the SAT exam for the son of one of Singer's clients. After the student took the exam, Riddell corrected his answers. Singer paid Fox, who acted as an intermediary between Singer and Williams, for coordinating the scheme with Williams, and Fox, in turn, gave Williams between $5,000 and $7,500 in cash for allowing Riddell to cheat on the exam.

Then, in June 2016, Williams administered the ACT exam to the daughter of Singer client Mark Hauser. Again, Riddell corrected the student's answers, and Singer paid Fox, who passed on part of the payment – this time between $5,000 and $10,000 in cash – to Williams. Several months later, in October 2016, Williams administered the ACT exam to the daughter of Manuel and Elizabeth Henriquez and the daughter of Robert Flaxman. Riddell, purporting to act as a proctor, took the exam with both students, helping them to select the correct answers. Fox again paid Williams between $5,000 and $10,000 in cash for facilitating the cheating.

Finally, in July 2018, Singer coordinated with Williams directly to facilitate cheating on the ACT exam on behalf of the son of Jane Buckingham. Initially, the plan was for Williams to administer the exam to Buckingham's son, with Riddell acting as a purported proctor, as they had done in each of the above-described instances. Ultimately, however, Buckingham's son did not

travel to Houston for the exam, and Williams instead provided Riddell with a copy of the exam to take in his hotel room. Riddell completed the exam on behalf of Buckingham's son and returned the completed exam to Williams, who sent it to ACT, Inc. for scoring. This time, Singer mailed Williams a $5,000 check for her role in the cheating.

In connection with the ACT exams, Williams falsified forms that she completed, signed (thereby verifying that the information contained therein was accurate), and submitted to ACT, Inc. to make it appear that the students took the exam over multiple days, consistent with the approved accommodations which allowed them to take the exam at the Houston test center, when they did not in fact do so, and which failed to disclose that Riddell was in the test room acting as a purported proctor.

**II.     The Applicable Sentencing Guidelines**

As set forth in the parties' plea agreement, and in its objections to the Presentence Investigation Report, it is the government's position that Williams's total offense level under the Sentencing Guidelines is 10. That calculation reflects a base offense level of 8 under Section 2B4.1, because Williams has been convicted of conspiracy to commit honest services fraud – a bribery offense; a 4-level increase, because the value of the bribes was more than $15,000 but not more than $40,000; and a 2-level decrease for acceptance of responsibility. The resulting Guidelines sentencing range is 6 to 12 months.

Williams has taken the position that the bribes she received totaled more than $6,500 but not more than $15,000 and, as a result, her base offense level should be increased by 2 rather than 4. Specifically, Williams acknowledges receiving $5,000 from Singer for the Buckingham ACT exam but claims that she received only $2,500 from Fox for each of the other three instances of cheating described above. The government maintains that the total bribe amount was

approximately $20,000. While the exact amounts Fox paid to Williams cannot be determined with certainty given that they were cash payments, $5,000 for each exam is not only the conservative estimate ███████████████████████, but it is also consistent with the known amount Singer paid Williams for the Buckingham exam. In any event, the government understands that this disputed issue is unlikely to affect the Court's calculation of the Guidelines given its prior rulings that Section 2B1.1 is the appropriate guideline for determining the offense level and that the offense level under Section 2B1.1 should not be adjusted for loss or gain.

Williams also asserts that she is entitled to a 2-level minor role reduction. The government does not believe that such an adjustment is appropriate given Williams's integral role in the test-cheating aspect of Singer's scheme. In short, Williams's position as a compensated standardized test administrator and her willingness to violate the duties she owed to the testing agencies made the cheating possible. The scheme simply could not have happened without her. The government acknowledges that this issue too, however, is unlikely to affect the ultimate Guidelines sentencing range as found by the Court, as the range is the same (0 to 6 months) whether the total offense level is 5 (under Probation's calculation) or 3 (with the minor role adjustment).

**III.     Sentencing Recommendation**

The government respectfully submits that a meaningful sentence of incarceration is warranted in light of the serious nature of Williams's crime and the need for general deterrence. While a first-time offender, Williams readily agreed to violate the duties she owed to the testing agencies in return for cash. She then facilitated cheating on four separate occasions, including in one instance where she did not even purport to administer the exam, instead brazenly providing Riddell with an exam to take in his hotel room on behalf of a student. As noted above, Singer's test-cheating scheme could not have happened at the Houston test center without Williams's

willing involvement. Her conduct not only defrauded the testing agencies that compensated her for administering the exams in accordance with their policies and procedures – which, of course, she did not do – but has also undermined public confidence in the integrity of college entrance exams and the college admissions process more broadly. Such conduct requires a meaningful sentence for purposes of just punishment and to afford adequate deterrence.



## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court sentence the defendant to a term of imprisonment of 6 months, followed by one year of supervised release, forfeiture of $20,000, and a $100 special assessment.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: /s/ Leslie A. Wright
JUSTIN D. O'CONNELL
LESLIE A. WRIGHT
KRISTEN A. KEARNEY
Assistant United States Attorneys

## Certificate of Service

I hereby certify that this document, filed through the ECF system on December 14, 2020, will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF).

                                         By:    */s/ Leslie A. Wright*
                                                          LESLIE A. WRIGHT
                                                          Assistant United States Attorney